WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerado Ayala,<br><br>    Plaintiff,<br><br>v.<br><br>Nathanael Young, et al.,<br><br>    Defendants. | No. CV-22-01089-PHX-DLR<br><br>**ORDER** |

    This action arises out of a March 2020 vehicle collision involving Plaintiff Gerado Ayala and Defendant Nathaneal Young, who was employed and operating a truck owned by Defendant U.S. Xpress, Inc. Ayala alleges that Young was negligent, and that U.S. Xpress is vicariously liable for Young's negligence. Ayala also alleges that U.S. Xpress is directly liable for negligently supervising and training Young and entrusting him with a truck. (Doc. 1-3.)

    Defendants move for summary judgment on Ayala's alleged damages arising from retinal injuries, and on his direct negligence claims against U.S. Xpress. (Doc. 27.) Summary judgment is appropriately granted when there's no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Ayala failed to respond to the summary judgment motion, despite being represented by counsel, having ample notice of the motion, and being notified by the Court that no response had been filed.

(*See* Doc. 29.) The Local Rules allow the Court to treat a party's failure to file and serve a response brief as a consent to the granting of the underlying motion. LRCiv 7.2(i). Despite the Local Rule, the Court may not grant summary judgment simply because the opposing party violated this type of local rule. *See Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). In the summary judgment context, the Court must examine the unopposed motion to ensure that the movant is entitled to judgment, even if the nonmoving party, with ample notice of the dispositive motion, has chosen not to respond. In performing this review, the Court may deem all the movant's facts undisputed, given the nonmovant's failure to controvert them. *See* Fed. R. Civ. P. 56(e)(2); *Szaley v. Pima Cnty.*, 371 Fed. App'x 734, 735 (9th Cir. 2010); (Doc. 11 at 5 ("Any fact that is ignored may be deemed uncontested.")).

The Court will begin with Ayala's direct negligence claims against U.S. Xpress. Defendants do not ask the Court to grant summary judgment on Ayala's claim that U.S. Xpress is vicariously liable for Young's alleged negligence. But Defendants argue that Ayala has no evidence supporting his claims that U.S. Xpress was directly negligent in supervising, training, and entrusting Young. The Court is compelled to agree. Defendants have asserted in their motion that Ayala has no evidence supporting his direct negligence theories against U.S. Xpress, and because Ayala chose not to respond to the motion, he necessarily has failed to proffer any such evidence to defeat Defendants' motion. Summary judgment may be entered where, as here, a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Next, Defendants contend that Ayala cannot establish that his alleged retinal injuries were caused by the accident. Again, the Court is compelled to agree. Where, as here, the nexus between the injury and the alleged cause is not within a juror's common knowledge, expert evidence is required to establish the casual connection. *See Rhodes v. Energy Marine LLC*, CV14-08206-PCT-JJT, 2016 WL 6700973, at *3 (D. Ariz. Nov. 15, 2016). What's more, "medical testimony of the possibility of the existence of the causal relationship,

without more, is insufficient." *Butler v. Wong*, 573 P.2d 86, 87 (Ariz. Ct. App. 1977) (internal quotation and citations omitted). Here, Defendants' ophthalmologist expert opined that Ayala's retinal injuries were more likely caused by his multiple prior automobile accidents and/or previous incidents involving physical violence. (Doc. 27-5.) Ayala's ophthalmologist expert stated that it was *possible* Ayala's retinal injuries were caused by the accident, but he could not say to a reasonable degree of medical probability that those injuries were caused by the accident. (Docs. 27-6, 27-7.) And because Ayala chose not to respond to the motion, he has provided the Court with no evidence of causation beyond a medical opinion that a causal relationship is possible. This is insufficient as a matter of law.

For these reasons,

**IT IS ORDERED** that Defendants' motion for summary judgment (Doc. 27) is **GRANTED** as to Ayala's alleged damages arising from retinal injuries, and his direct negligence claims against U.S. Xpress only.

**IT IS FURTHER ORDERED** that Defendants' motion for a ruling on their summary judgment motion (Doc. 32) is **DENIED**, both because the motion is now moot and because it is unnecessary to file a *motion* asking for a ruling on a motion—by filing the initial motion, the moving party obviously and necessarily is seeking a ruling on the issues presented. Where, as here, the non-moving party fails to file a response, the moving party may file a *notice* with the Court alerting it that the motion is ripe for ruling. But it is unnecessary to file yet another motion asking the Court to do what the original motion already asks.

Dated this 12th day of September, 2023.

Douglas L. Rayes
United States District Judge